**Opinion issued June 13, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00995-CV

————————————

**MOSAIC BAYBROOK ONE, L.P. AND MOSAIC BAYBROOK TWO, L.P.,**
**Appellants**

**V.**

**PAUL SIMIEN, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-08379**

---

## OPINION DISSENTING FROM DENIAL OF EN BANC RECONSIDERATION

Appellee Paul Simien is the representative plaintiff in a class action brought

by apartment tenants against appellant apartment building owners, Mosaic

Baybrook One, L.P. and Mosaic Baybrook Two, L.P. (collectively, Mosaic),

seeking damages for Mosaic's collection of a surcharge on the tenants' water bills. By a per curiam memorandum opinion issued February 19, 2019, a panel of this Court denied, without explanation, Mosaic's petition for permission to appeal the controlling question of law in the trial court's summary judgment in favor of Simien—the proper construction of the applicable sections of the Water Code on which Mosaic's liability to the class depends. Mosaic filed a motion for en banc reconsideration of this Court's denial of permission to appeal. Like the panel, the en banc Court has denied reconsideration of Mosaic's petition for permissive appeal. The certification of the class is the subject of a simultaneously-filed interlocutory appeal under Texas Civil Practice and Remedies Code section 51.014(a)(3), which is pending separately in this Court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(3), (d); TEX. R. APP. P. 28.3 (permissive appeals). I would grant permission to appeal the controlling issue of Mosaic's liability to the class certified by the trial court to this Court, and I would hear that appeal together with the related interlocutory appeal of right concerning the issue of class certification.

To be entitled to a permissive appeal from an interlocutory order that would not otherwise be appealable, the requesting party must establish that (1) "the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion" and (2) "an immediate appeal from

2

the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see* TEX. R. APP. P. 28.3(e)(4); TEX. R. CIV. P. 168.

Here, the petition for permissive appeal satisfies both requirements of Rule of Appellate Procedure 28.3(e)(4). The question of law certified to this Court by the trial court is the proper construction of the sections of the Water Code upon which Mosaic's liability to the class depends; and it makes no sense to hear the companion interlocutory appeal of class certification without determining whether the class is viable. Thus, granting the permissive appeal would clearly materially advance the ultimate resolution of the case, which denial of permission to appeal can only hinder and delay the ultimate termination of the litigation, with increased expense both to the litigants and to the courts, in violation of the very purpose of the rules, justifying en banc reconsideration because of the "extraordinary circumstances" of the case. *See* TEX. R. CIV. P. 1 ("The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law . . . with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable. . . .").

"En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless

3

extraordinary circumstances require en banc consideration." TEX. R. APP. P. 41.2(c). This case presents such extraordinary circumstances. Accordingly, I would grant en banc reconsideration, and I would withdraw the panel's February 19, 2019 per curiam opinion and grant Mosaic permission to appeal the trial court's summary judgment on liability together with the related appeal of class certification.

**Facts**

This case, like *Phillips Petroleum Co. v. Yarbrough*, 405 S.W.3d 70 (Tex. 2013), is a class action. Here, Simien sued Mosaic, entities that own apartment buildings, for violations of the Texas Water Code and the Texas Administrative Code (TAC). The Texas Legislature required the Public Utility Commission (PUC) to enact rules governing water billing. *See* TEX. WATER CODE ANN. § 13.5031(a). Simien alleged that, while he was living at Baybrook Village, an apartment building owned by Mosaic, he was routinely charged a monthly "Water/Sewer Base Fee" of $36.71. He further alleged that Mosaic used the fee as a profit center in direct contravention of the Water Code in that Mosaic was billed less than $20 per unit per month, resulting in an overcharge to Simien of $16.71 per month.

Prior to a 2017 amendment of Water Code section 13.505 to remove a tenant's private cause of action and transfer billing disputes to the PUC, that section allowed a tenant to sue and recover from an owner three times the amount

4

of any overcharge, a civil penalty equal to one month's rent, reasonable attorney's fees, and court costs. *See* Act of May 13, 2013, 83rd Leg., R.S., ch. 171, § 83, 2013 TEX. GEN. LAWS 772, 809–10 (2013) (amended 2017) (current version at TEX. WATER CODE § 13.505). Simien brought suit on behalf of himself and all others similarly situated under Water Code section 13.505.

After discovery, Simien moved for partial summary judgment on liability, seeking to have the trial court declare that Mosaic violated the Water Code and the TAC as a matter of law. Following a hearing, the trial court granted partial summary judgment on liability in Simien's favor on September 10, 2018, but held off entering the order until after class certification had been heard so that the interlocutory appeals could go up to this Court together. The trial court certified the class by order entered October 24, 2018. Mosaic sought interlocutory appeal of the class certification under section Civil Practice and Remedies Code section 51.014(a)(3), and that interlocutory appeal was docketed in this Court under cause number 01-18-01049-CV. The underlying case continued, however, in the trial court.

The trial court rendered its Amended Order granting permission to appeal the partial summary judgment on liability under Civil Practice and Remedies Code section 51.014(d) on November 20, 2018. The Amended Order framed the

controlling question of law for which permission to file an interlocutory appeal

was granted as follows:

> [W]hether it was a violation of Section 13.5031(3) of the Texas Water Code and Rule 24.124(a) of the PUC Rules (16 TEX. ADMIN.CODE § 24.121 et seq.), thereby establishing liability under Section 13.505 of the Texas Water Code, to charge the Plaintiff, Paul Simien, on a per-unit basis, certain charges from the retail public utility (Harris County Municipal Utility District No. 55), including a monthly fire protection service charge, a monthly emergency medical service charge, and a law enforcement service charge, which were combined together, along with a monthly service charge on which the Plaintiff does not assert a claim, and described as a "Water/Sewer Base Fee" in the monthly bills to the Plaintiff. . . .

The trial court's Amended Order also explained why there was a substantial

ground for disagreement regarding the controlling issue of law, stating:

> This Court further finds that there are substantial grounds for difference of opinion regarding the controlling issue of law described above because what constitutes a violation of Section 13.5031(3) of the Texas Water Code and Rule 24.124(a) of the PUC Rules (16 TEX. ADMIN. CODE § 24.121 et seq.), and thus whether liability under Section 13.505 of the Texas Water Code has been established as a matter of law, involve novel legal questions, including in part because there are no Texas state appellate court opinions construing Section 13.505 and Section 13.5031(3) of the Texas Water Code and Rule 24.124(a) of the PUC Rules (16 TEX. ADMIN. CODE § 24.121 et seq.).

The order also explained why an immediate appeal from the partial summary

judgment might materially advance the ultimate termination of the litigation,

stating:

> This Court further finds that an immediate appeal from the order may materially advance the ultimate termination of the litigation. In

6

particular, the viability of the Plaintiff's cause of action under Section 13.505 of the Texas Water Code, and likewise the Defendants' liability under that section, depend on the controlling question of law described above.

After setting out each of the quoted passages from the trial court's November 20 Amended Order, Mosaic's petition for permissive appeal argued, "Based upon the foregoing, the third and final requirement for permissive appeals has been met." I agree. In my view, it is an abuse of discretion for this Court to deny permissive appeal of the controlling issue of law on which the viability of the class whose certification is challenged in a separately-pending appeal depends.

**Analysis**

**A.    First Issue:  *Sabre Travel***

In its first issue seeking en banc reconsideration, Mosaic argues that in *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725 (Tex. 2019), the Texas Supreme Court "urged lower courts to grant permissive appeals in light of the legislative policies behind Section 51.014(d)," and Mosaic argues that this case furthers those policies and that denial of permissive appeal undermines the purpose of the statute authorizing such appeals. I again agree.

*Sabre Travel* is strikingly similar to this case. In *Sabre Travel*, Deutsche Lufthansa brought a declaratory judgment action against Sabre Travel, a ticket seller and intermediary in the travel industry. Sabre Travel connects airlines with consumers by aggregating travel offerings of multiple airlines by use of a

7

computerized system known as a Global Distribution System (GDS) to enable comparison shopping by travel agents. *Id.* at 727–28. Lufthansa sought a declaration that its surcharge on certain tickets did not violate its contract with Sabre Travel, as Sabre had alleged, and it also sued Sabre Travel for breach of contract. Sabre Travel countered with its own breach of contract claim, which Lufthansa, in turn, countered with a tortious interference claim based on its allegation that Sabre Travel was inducing travel agents to breach their contracts with Lufthansa. *Id.*

Sabre Travel moved to dismiss Lufthansa's tortious interference claim against it on the ground that it was preempted by the Airline Deregulation Act, which preempts state laws that "relate to the airline's prices, routes, or services." *Id.* at 728–29 (citing 49 U.S.C. § 41713(b)(1)). The trial court denied Sabre Travel's motion to dismiss, but it certified the legal question under Texas Civil Practice and Remedies Code section 51.014(d) providing for permissive interlocutory appeals. *Id.* at 729. As here, the court of appeals denied the permissive appeal in a one-sentence memorandum opinion without explanation, noting in a footnote only that "courts strictly construe the interlocutory appeals statute." *Id.* Sabre Travel petitioned the Texas Supreme Court for review.

The supreme court stated that there are cases where "the issue is so important that an answer should not wait until the case concludes." *Id.* at 730. The

court acknowledged "that Texas courts of appeals have discretion to accept or deny permissive interlocutory appeals certified under [Texas Civil Practice and Remedies Code] section 51.014(d), just as federal circuit courts do." *Id.* at 732. But the court then stated,

> We do caution, however, that while courts of appeals have discretion to deny acceptance of permissive interlocutory appeals, the Legislature in its enactment of section 51.014(d) and (f) has recognized the benefit of appellate courts accepting such appeals when the threshold for an exception to the final judgment rule is met. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f). . . . Indeed, *the Legislature enacted section 51.014 to provide "for the efficient resolution of certain civil matters in certain Texas courts" and to "make the civil justice system more accessible, more efficient, and less costly to all Texans while reducing the overall costs of the civil justice system to all taxpayers."* Senate Comm. on State Affairs, Engrossed Bill Analysis, Tex. H.B. 274, 82d Leg., R.S. (2011). *If all courts of appeals were to exercise their discretion to deny permissive interlocutory appeals certified under section 51.014(d), the legislative intent favoring early, efficient resolution of determinative legal issues in such cases would be thwarted.* Just because courts of appeals can decline to accept permissive interlocutory appeals does not mean they should; in fact, in many instances, courts of appeals should do exactly what the Legislature has authorized them to do—accept permissive interlocutory appeals and address the merits of the legal issues certified.

*Id.* at 732–33 (emphasis added). The court then stated, "The pure legal question at issue here is precisely the sort of question section 51.014(d) was enacted for—allowing an early resolution when the interlocutory order meets the Legislature's threshold for an exception to the final judgment rule." *Id.* at 736. Aptly here, the supreme court likened the proper use of permissive appeals to decide a controlling

question of law to the proper use of "an appeal from a trial court's interlocutory order that 'certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure.'" *Id.* at 735 (quoting *Phillips Petroleum Co. v. Yarbrough*, 405 S.W.3d 70, 76–77 (Tex. 2013) (holding that concerns about whether certification remained proper was, in substance, order that certified class and was therefore subject to interlocutory appeal as of right)).

Mosaic's petition for permissive appeal is analogous to that in *Sabre Travel*.

The determination of whether Mosaic is liable to the class under the proper construction of the Water Code is plainly "a controlling question of law as to which there is a substantial ground for difference of opinion" whose final determination will "materially advance the ultimate termination of the litigation" by determining whether Mosaic is liable to Simien and hence whether the class Simien represents has suffered an injury that gives the class standing to seek damages. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d); *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001) (standing requires injury and is necessary component of subject matter jurisdiction); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993).

This Court's February 19 per curiam denial of Mosaic's petition for permissive interlocutory appeal left the controlling legal issue of the proper construction of the Water Code's regulation of billing rates unresolved, and its

10

refusal to revisit the question on en banc reconsideration emphasizes its determination not to take this permissive appeal. The Court thus leaves interlocutory appeal of certification of the class—a class whose viability depends upon the resolution of the question of Mosaic's liability for the surcharge on their water bills—still pending on this Court's docket, while denying resolution of the question of the proper construction of the Water Code, which determines Mosaic's liability to the class. This Court's rejection of Mosaic's petition for permissive appeal thus necessarily entails uncertainty and entirely unnecessary delay and expense in advancing the ultimate termination of the litigation, in violation of both the purpose of section 51.014(d) and the objective of the rules of civil procedure themselves. *See* TEX. R. CIV. P. 1 (setting out objective of rules).

As Mosaic points out in its petition for a permissive appeal, this "appeal will stay all trial court proceedings," and will thus "be a more efficient use of judicial resources, particularly appellate judicial resources, as well as the parties' time and money, to address the issues raised in the Application while the interlocutory appeal of the class certification order is also being appealed." Mosaic also points out that "the Texas Supreme Court has made clear that it is an abuse of discretion for a trial court to certify a class under Rule 42 of the Texas Rules of Civil Procedure based on a misunderstanding of the law," citing *Exxon Mobil Corp. v. Gill*, 299 S.W.3d 124, 129 (Tex. 2009) (per curiam). That reasoning applies here.

11

I would find that, here, denial of permission of appeal the controlling question of law upon which the viability of the class action depends contravenes the very purpose of Rule 28.3, providing for permissive appeals and is an abuse of discretion. Accordingly, I would sustain Mosaic's first issue and I would grant permission to appeal.

## B.     Second Issue:  Efficiency and Jurisdictional Requirements

Mosaic also argues that en banc reconsideration is necessary because it could "render moot the companion appeal of the class certification order and any potential remand, as well as an appeal of a final judgment; and . . . the panel opinion incorrectly denied the application for permissive appeal since all of the jurisdictional requirements under Section 51.014(d) were met, as a matter of law." I agree.  I would hold that Mosaic has met all of the requirements for permissive appeal of the controlling issue of law described by the trial court in its order granting permission for interlocutory appeal under Civil Practice and Remedies Code section 52.014(d).  Accordingly, denial of permissive appeal is made without reference to any guiding rules and principles and is an abuse of discretion.  *See Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019) (holding that court abuses its discretion if it acts without reference to any guiding rules and principles such that the ruling is arbitrary and unreasonable); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985) (holding same).

By denying en banc reconsideration of the panel opinion denying the permissive appeal sought in this case, this Court contravenes (1) the instruction of *Sabre Travel* regarding accepting permissive appeals; (2) the purpose of section 51.014(d), providing for permissive appeals of cases presenting a controlling question of law as to which there is substantial ground for difference of opinion, as acknowledged by the sponsor of the bill enacting section 51.014(d); and (3) the objective of the rules of civil procedure. The "extraordinary circumstances" of this case clearly satisfy the criteria of en banc reconsideration under Texas Rule of Appellate Procedure 42.1. *See* TEX. R. APP. P. 41.2(c).

## Conclusion

I would grant Mosaic Baybrook One, L.P. and Mosaic Baybrook Two, L.P.'s motion for en banc reconsideration of this Court's February 19, 2019 per curiam memorandum opinion, and I would grant the petition for permissive appeal.

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

The en banc court consists of Chief Justice Radack and Justices Keyes, Higley, Lloyd, Kelly, Goodman, Landau, Hightower, and Countiss.

Keyes, J., joined by Justice Lloyd, dissenting from denial of en banc reconsideration.

13